### In re MAGED.

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

ATTORNEY AND CLIENT (§ 44*)—DUTIES OF ATTORNEY TO CLIENT—FUNDS OF CLIENT.

An attorney who collects money for his client, holds it in trust for the latter, and should retain the specific money collected and pay it over to the client, and an attorney who deposits the money belonging to his client with another so that he is able to pay it to the client only in installments, is guilty of professional misconduct and is to be severely censured.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Charges of professional misconduct by the Association of the Bar against Benjamin F. Maged, an attorney and counselor at law. Respondent censured.

See, also, 158 App. Div. 927, 143 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles R. Coulter, of New York City, for petitioner.

Gilbert E. Roe, of New York City, for respondent.

INGRAHAM, P. J. The charges are that the respondent was retained to enforce a claim for personal injuries by a client; that on March 4, 1912, the respondent settled the claim and received $300; that one-half of that amount was to be his fee and the other one-half was to be paid to his client; that he converted the money to his own use; that between December 11, 1912, and January 29, 1913, he paid the money to his client in installments. The official referee found that the respondent deposited this money with his brother-in-law, one Dochter; that he made efforts to find his client without success until October, 1912, when the client placed the matter in the hands of another attorney, who after considerable difficulty collected the money from the respondent; that the conduct of the respondent from the time he received the first communication from the new attorney until the matter was brought to the attention of the Association of the Bar was reprehensible; that on demand from the new attorney he should have promptly paid the money instead of paying it in installments; and to that extent the charge of professional misconduct was sustained.

With this conclusion of the official referee we concur. The money received belonged to his client, and was to be held as a trust fund,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and he had no right to use it in any way. It was his duty to have retained this specific money and repaid it to his client at once. It is misconduct for an attorney to place any money, which he has received as his client's money, in such condition that it cannot be paid to his client at any time. His failure to pay the money over at once on his client's demand was most reprehensible. The official referee, however, has exonerated the respondent from any intentional fraud or deceit.

The respondent is severely censured for his conduct towards his client. All concur.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.